81,635-02

Cause #1299499-A

| | | |
|---|---|---|
| Ex Parte | & | In the 184th |
| Jeremiah Clark, | & | District Court of Harris |
| Applicant | & | County, Texas |

Applicants Rebuttal of States
Original Answer to Applicants Application
for Post Conviction Writ of Habeas Corpus

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 20 2015

Abel Acosta, Clerk

A. To the Honorable Judge of said Court:

Comes Now, Jeremiah Clark. TDCJ# 1744663, Applicant, Pro se in the above styled and numbered cause of action and files Motion of Rebuttal.

B. On the date of April 29,2015 the state filed an Original Answer having been served with an application for Writ of Habeas Corpus persuant to Tex. Crim. Code Ann. art. 11.07 § 3, and would show the following its reply to applicant Writ. Applicant does now rebut the following arguments in the states Original Answer and would show the following:

C. The denial of the factual allegations made in the instant Application is not in conjunction with the law and further proves Applicant is entitled to releif based on the following:

D. Applicant's Rebuttal of State's Reply to Applicant's First Ground of Releif

Trail Counsel's sworn Affadavit states that she "thoroughly reveiwed the State's File and the states Evidence." Bower v. Quaterman 497 F.3d 459 states "Primarily Relying on State's file Open file" is an "inadequate investigation." I Trial Counsel never completed an idependent

investigation, then trail counsel doesn't have a firm command of the case, which would cause any advice given to defendant unadvanced (Doherty v. state, 781 S.W. 2d 507, 516-17 [Tex. Crim. App. 1980]). State argues "Applicant fails to show what additional investigation would reveal" yet Trail Counsel failed to investigate altogether, Out side of State's Open File. Ex Parte Duffy, 607 S.W. 2d 507 516-17 [Tex. Crim. App 1980] states "Counsel must make an independent Examination of the facts, Circumstances, Pleadings and laws involved." Ex Parte Duffy continues "a Corollary of this notion is that counsel also has a responsibility to seek out and interview Potential witnesses and failure to do so is to be ineffective." Ex Parte Duffy also states "The supreme court recognized that a thorough factual investigation is the foundation upon which Effective Assistance of Counsel is built." Eldridge v. Atkins 665 F. 2d 228; 1981 states "the duty to investigate exist regardless of the accused's admissions or statements to the lawyer of facts constituting guilt or his stated desire to plead guilty."

Based on the foregoing, Applicant discharges his burden of proof that his First Ground for Releif due to Ineffective Assistance of Counsel specifically Failure to investigate is factual and he is entitled to Releif.

## Applicant's Rebuttal of State's Reply to Applicant's second Ground of Releif

States Reply to second Ground brought forth state argued "the applicant must show that the witnesses were available and that their Testimony would have benefited the defense." Such an argument is frivolous, as stated beforehand Doherty v State 781 S.W. 2d. 439 "Counsel has a responsibility to seek out and interview Potential witness and failure to do so is ineffective." The state also argues "The applicant fails to Identify the witnesses he Claims Trail

Counsel should have interviewed and failed to prove their testimony would have been of some benefit to the Defense." Yet Ex Parte Gonzalez 204 S.W. 3d 391, 400 (Tex. Crim. App. 2006) states "Trail counsel cannot rely on the fact that his/her client did not give any names of witnesses, especially if they never requested. In fact, counsel may be required to investigate potential mitigating facts even if the defendant is "uninterested in helping"." Also Milborn v. State, 983 S.W. 2d at 23, states "Prejudice can be demonstrated by showing counsel's failure to offer mitigating facts Evidence at the punishment phase of the defendant's Trail, even if it amounts to sheer speculation that the mitigating evidence would have influenced the jury's assesment of punishment." Moore v. State continues "Trail counsel is ineffective when he fails to investigate and present available mitigating Evidence at punishment stage."(Moore v. State, 983 S.W. 2d at 23)

According to Boardman v. Estelle a "Criminal defendant is denied due process if Trail court denies his request to address the court prior to sentencing" (Boardman v. Estelle 957, F 2d 1523). Boardman v. Estelle continues "defendant who chooses to be represented by counsel does not waive his right to Allocution before Sentencing." So it is clear to see that allocution is not soley to state "why the sentence should be pronounced against him" as state replied but for the purpose of mitigation, especially due to the fact he is found guilty.

Based on the Foregoing, Applicant discharges his Burden of proof that his second Ground for Releif, Ineffective Assistance of Counsel specifically Trail Counsel's failure to interview evidence and provide Applicant the right to Allocution is factual and he

is entitled to Releif.

## Applicant's Rebuttal of State's Reply to Applicant's Third Ground for Releif

Blackledge v. Allison, 431 U.S. 63 (1997) states "The supreme Court has a long recognized that a defendant can challenge the involuntariness of his guilty plea when induced by misrepresentation of Counsel," "Such challenge can be made despite a transcript of the plea containing recitations that the defendant was satisfied with his attorney; No promises had been made; and guilty plea was made free and voluntarily" "As in the instant Case, the defendant was lead to beleive and did beleive by his attorney, that his attorney had talked the case over with prosecutor and the judge, and that the defendant was assurred of a certain sentence if he entered a plea of guilt (431 U.S. 67,69) The applicant states Blackledge v. Allison because this was the exact thing that brought forth Applicant's guilty plea. Melton v. State states "because a guilty plea of guilt is not knowingly or voluntarily made, if the decesion is made as a result of counsel's incorrect and misleading advice, incomplete advice or misleading assurances. Applicant is entitled to the releif" (Melton v. State 987 S.W. 2d 72, 77. Whatever advice given by Applicant's Trail Counsel is incomplete and therefore incorrect and ineffective. This is due to the fact that the investigation was not Conducted, therefore Applicant's Trail counsel Couldn't knowhow the law applied to the facts of the case, therefore Trail counsel could not build a defense. All in all, the Applicant's Trail counsel could not give effective counsel under those circumstances.

Based on the foregoing Applicant has discharged his burden of proof, That his Third Ground for Releif, Ineffective Assistance of Counsel, specifically, Involuntary Plea is factual and is entitled to Releif.

6. Prayer for Releif

Wherefore premises considered, Applicant, Jeremiah Clark, TDCJ# 1744663, prays that the Court of Criminal Appeals will vacate the conviction and punishment of Criminal assessed in this case, and remand for an entry of an equittal as the law requires. IT is in the interest of Justice it is so prayed.

Respectfully submitted,
Jeremiah Clark
Applicant